# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE MACMASTERS[1] | * |
| Plaintiff, | * |
| v. | *  Civil Action No: 25-_____ |
| DEPARTMENT OF DEFENSE<br>Washington, D.C. 20301 | * |
| Defendant. | * |

## COMPLAINT[2]

Plaintiff George MacMasters ("MacMasters") brings this action against Defendant Department of Defense ("DoD") for relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, and the First Amendment to the Constitution of the United States.

Defendant DoD has unlawfully imposed a prior restraint upon MacMasters by infringing on his constitutional right to publish his unclassified manuscript entitled "*Three Faces of War*" ("Manuscript").

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

---

[1] Pursuant to LCvR 5.1(c)(1), as revised March 23, 2022, the Plaintiff's home address is being filed under seal with the Court in a separate Notice of Filing.

[2] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement, nor was any classified information relied upon or reviewed.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. MacMasters is a 100% disabled American veteran. He was an enlisted U.S. Army Infantry Sergeant who studied Arabic at Harvard University and was recruited into intelligence. He is a citizen of the United States.

4. Defendant DoD is an agency of the United States as defined by 5 U.S.C. § 701 and subject to the jurisdiction of this Court. DoD's actions have prevented MacMasters from publishing his Manuscript.

## FACTS

5. On or about December 13, 2023, pursuant to one or more secrecy, non-disclosure agreements, MacMasters submitted his Manuscript to DoD for prepublication review. The Manuscript is his war memoir detailing his experiences that occurred over twenty years ago during three deployments to Guantanamo Bay, Cuba, Ramadi, Iraq, and Ghazni, Afghanistan. It was assigned reference number 24-SB-0062.

6. DoD responded by letter dated December 3, 2024, and redacted significant substantive portions of the Manuscript as properly classified to such an extent that publication is not possible.

## FIRST CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

7. MacMasters repeats and realleges the allegations contained in paragraphs 5 through 6 above, inclusive.

8. MacMasters properly submitted, pursuant to one or more secrecy agreements, his Manuscript for prepublication review.

9. To the best of MacMasters' knowledge and understanding, the Manuscript does not contain any properly classified information.

10. DoD is legally prohibited from precluding MacMasters from publishing anything other than classified information.

11. DoD has failed to show that MacMasters' First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

12. DoD has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within MacMasters' Manuscript.

13. DoD's restrictions imposed upon MacMasters are unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights. It has unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

14. Because DoD has impermissibly infringed upon MacMasters' right to publish unclassified information in his Manuscript it has violated MacMasters' First Amendment rights.

15. There is no requirement upon MacMasters to exhaust any further administrative remedies and he is permitted to judicially challenge DoD's decision to improperly classify unclassified information in violation of his First Amendment rights.

16. MacMasters has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

## SECOND CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT – LEGAL COUNSELS' ACCESS TO CLASSIFIED INFORMATION/UNREDACTED MANUSCRIPT)

17. MacMasters repeats and realleges the allegations contained in paragraphs 5 through 6 above, inclusive.

18. In order to be able to fully protect MacMasters' First Amendment rights his legal counsel will require access to any alleged classified information DoD claims is contained within the Manuscript. Upon information and belief, the undersigned legal counsel Bradley P. Moss, holds a valid and current security clearances that would permit a review of the relevant information. Attorney Mark S. Zaid would normally serve as the primary legal counsel with respect to classified disputes but his security clearance was unlawfully revoked, particularly without being afforded any due process, by the Trump Administration in or around April 2025. That decision, which is causing MacMasters present harm as of the result of being deprived of his choice of legal counsel, is the subject of litigation in Mark S. Zaid, Esq. v. Executive Office of the U.S. President et. al., Civil Action No. 25-01365 (D.D.C.)(AHA).

19. MacMasters has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with DoD to discuss any redactions. MacMasters' constitutional rights extend to counsel with the appropriate level of security clearance.

WHEREFORE, Plaintiff George MacMasters requests that the Court award him the following relief:

(1) Permanently enjoin DoD from restraining the publication of any portion of unclassified text within his Manuscript;

(2) Declare and find that the redacted text from the Manuscript is unclassified;

(3) Order DoD to permit MacMasters' cleared counsel to have proper access, subject to the execution of appropriate non-disclosure secrecy agreements, to any alleged classified information for purposes of litigating this action;

(4) Award MacMasters the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and,

(5) grant such other relief as the Court may deem just and proper.

Date:   July 7, 2025

                                                Respectfully submitted,

                                                /s/
                                          _____

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff